# Payment of Attorney Fee Awards Against the United States Under 28 U.S.C. § 2412 (b)

The United States is liable under 28 U.S.C. § 2412(b) for a court award of attorney fees in civil cases "to the same extent any party would be liable under the common law or under the terms of any statute." Attorney fees awarded by a court under § 2412(b) are to be paid from the judgment fund, and not from agency appropriations, unless an award is based on a finding of bad faith.

Although the terms of § 207 of the Equal Access to Justice Act, Title II of Pub. L. No. 96–481, 94 Stat. 2325 (1980), prohibit the payment of awards from the judgment fund without a specific congressional appropriation for that purpose, the legislative history of § 207 reveals that Congress only intended § 207 to apply to awards under 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), and not to apply to attorney fee awards under § 2412(b). Thus, § 207 does not bar the Comptroller General from certifying awards of attorney fees under 28 U.S.C. § 2412(b).

December 15, 1983

MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, OFFICE OF LEGAL POLICY

This responds to your request for our opinion concerning the effect of § 207 of the Equal Access to Justice Act, Title II of Pub. L. 96–481, 94 Stat. 2325 (1980) (the Act), on the payment of attorney fee awards against the United States made under authority of 28 U.S.C. § 2412(b). Specifically, you wish to know whether § 207 bars payment of such awards from the judgment fund, and, if so, whether such awards may be paid from an agency's general appropriation.[1] The General Accounting Office has refused to certify such awards for payment from the judgment fund, apparently on grounds that § 207 bars payment of any awards authorized by the Act from this source. For reasons discussed below, we believe that awards made under authority of 28 U.S.C. § 2412(b) are not subject to § 207, and that § 207 therefore does not preclude their being certified for payment from the judgment fund. Furthermore, we

---

[1] Sections 2414 and 2517 of Title 28 set forth procedures for payment of final judgments or compromise settlements against the United States from the general fund of the Treasury, under authority of the permanent, indefinite appropriation established by 31 U.S.C. § 1304. The term "judgment fund" is generally used as a shorthand rendition of that process. Under 31 U.S.C. § 1304, the Comptroller General must "certify" all final court judgments and compromise settlements before they may be paid from the judgment fund. Because all final judgments must be paid from the judgment fund unless they are "otherwise provided for," the Comptroller General has no discretion to refuse to certify a final judgment which is properly payable from the judgment fund and whose payment is not governed by another statute. *See General Accounting Office, Principles of Federal Appropriations Law* 12–13 (1981).

believe that the judgment fund is the only available source of payment of awards made under authority of § 2412(b), except those based on a finding of bad faith.

Section 2412(b), enacted by § 204(a) of the Act, makes the United States liable for a court award of attorney fees in civil cases "to the same extent that any other party would be liable under the common law or under the terms of any statute."[2] Fees awarded by a court under authority of § 2412(b) are to be paid in accordance with the provisions of § 2412(c)(2):

> Any judgment against the United States or any agency and any official of the United States acting in his or her official capacity for fees and expenses of attorneys pursuant to subsection (b) shall be paid as provided in sections 2414 and 2517 of this title, except that if the basis for the award is a finding that the United States acted in bad faith, then the award shall be paid by any agency found to have acted in bad faith and shall be in addition to any relief provided in the judgment.

With the text of § 2412(c)(2) before us, we turn first to your question whether general agency appropriations are available to pay an award made under authority of 28 U.S.C. § 2412(b). Unless an award is based on a finding of bad faith, we think they are not.

By its terms, § 2412(c)(2) specifies that an award made under § 2412(b) "shall" be paid from agency funds in cases where an award is based on a finding of bad faith; in all other cases, awards "shall" be paid from the judgment fund. There is no indication in the legislative history of the Act of an intention to depart from the plain directive of the statutory text by making agency appropriations available for payment of awards in cases other than those involving bad faith. It is an elementary principle of appropriations law that an agency may expend its general appropriations in a particular manner only if it has statutory authority to do so. Section 2412(c)(2) does not authorize the use of an agency's general appropriation to pay any but bad faith awards, and we know of no other authority which would permit such a disposition of an agency's general appropriation. *Compare* 5 U.S.C. § 504(d)(1)(A) (fee awards "may be paid by any agency over which the party prevails from any funds made available to the agency"). Moreover, under 31 U.S.C. § 1304, all final judgments must be paid from the judgment fund, unless "otherwise provided for." *See Principles of Federal Appropriations Law, supra* note 1, at 12–13 ("[I]f a judgment is properly payable from the permanent appropriation, then payment

---

[2] Section 2412(b) provides in full as follows:

Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

181

of that judgment from agency funds violates 31 U.S.C. § 1301 (restricting appropriations to the objects for which made) and is an improper payment.").

Accordingly, we conclude that an agency's general appropriation is not available to pay awards made under authority of § 2412(b), except where such an award is based on a finding of bad faith. Thus, in the absence of some specific statutory directive to the contrary, § 2412(b) awards can be paid only from the judgment fund.[3]

Before turning to an examination of the text of § 207 of the Act, we make several observations regarding other provisions of the Act which we believe are relevant to an understanding of the effect of § 207. In addition to the authority contained in § 2412(b), the Act also authorizes an award of attorney fees in certain administrative and judicial actions, where the position of the United States cannot be shown to be "substantially justified." These authorities, enacted on a temporary and experimental basis, are codified at 5 U.S.C. § 504 and 28 U.S.C. § 2412(d).[4] Awards made under authority of these provisions are to be funded in the following manner:

> Fees and other expenses . . . may be paid by any agency over which the party prevails from any funds made available to the agency, by appropriation or otherwise, for such purpose. If not paid by any agency, the fees and other expenses shall be paid in the same manner as the payment of final judgments is made pursuant to section 2412 [and section 2517] of title 28, United States Code.

*See* 5 U.S.C. § 504(d)(1); 28 U.S.C. § 2412(d)(4)(A). In contrast to awards made under the permanent authority of § 2412(b), all awards made under the experimental authorities in § 504 and § 2412(d) are to be paid in the first instance from agency budgets. Only in very limited circumstances may awards made under authority of § 504 and § 2412(d) be paid from the judgment fund.[5]

---

[3] One such contrary statutory directive appears in 39 U.S.C. § 409(e), which provides that judgments arising out of activities of the United States Postal Service shall be paid by the Postal Service from its own funds. Judgments under this provision are payable directly by the Postal Service and do not require the Comptroller General's certification. Other examples of statutes providing alternative sources of funding for judgments are cited in *Principles of Federal Appropriations Law, supra* note 1, at 12–13.

[4] Section 504(a)(1) of Title 5 provides for an award of fees in agency adjudications in the following terms:
> An agency that conducts an adversary adjudication shall award to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency as a party to the proceeding was substantially justified or that special circumstances make an award unjust.

Section 2412(d)(1)(A) of Title 28 provides for fee awards in certain judicial proceedings involving the United States in similar terms:
> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court have jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Under §§ 203(a)(2) and 204(c) of the Act, both of these authorities are repealed effective October 1, 1984.

[5] In brief, awards under 5 U.S.C. § 504 and 28 U.S.C. § 2412(d) may be paid from the judgment fund only when their payment from agency funds would be a very heavy financial blow to the agency.

We must now determine what effect, if any, § 207 has upon the payment of awards made under authority of § 2412(b) from the judgment fund. Section 207 provides that

> The payment of judgments, fees and other expenses in the same manner as the payment of final judgments as provided in this Act is effective only to the extent and in such amounts as are provided in advance in appropriations acts.

*See* 5 U.S.C. § 504 note. The effect of § 207, where it applies, is to prohibit the payment of awards from the judgment fund unless and until Congress makes a specific appropriation for that purpose. If § 207 applies to fee awards made under § 2412(b), then those awards may not be certified by the Comptroller General for payment from the judgment fund. Because of our conclusion that § 2412(b) awards not based on bad faith may not be paid from an agency's appropriated funds, the result would be that such awards could not be paid at all without a specific new appropriation. However, for reasons discussed below, we do not believe that Congress intended § 207 to apply to awards made under § 2412(b).

The terms of § 207 are ambiguous. On the one hand, they mirror the wording in 5 U.S.C. § 504(d)(1) and 28 U.S.C. § 2412(d)(4)(A), which govern the funding of awards made under 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), both of which provide for payment of awards "in the same manner as the payment of final judgments." By its terms, therefore, § 207 could be construed to apply only to awards made under authority of § 504 and § 2412(d). On the other hand, § 207 could also be more broadly interpreted to govern all awards newly authorized by the Act to be paid from the judgment fund, including awards made under authority of § 2412(b).

Because the language of § 207 admits of more than one reasonable construction, we turn to the legislative history to ascertain whether Congress intended § 207 to apply to all awards made under the new authorities contained in the Act, or only to awards made under § 504 and § 2412(d).

Section 207 was added to the Act on the House floor in response to a point of order to the Conference Report. The point of order, made by Representative Danielson, was

> that the conferees have agreed to a provision in the Senate amendment which constitutes an appropriation on a legislative bill, in violation of clause 2 of rule XX of the rules of the House of Representatives. The conferees have included, as an amendment to the bill, a title II, which provides for the award of attorneys' fees and other expenses to the prevailing party other than the United States, in certain actions or administrative proceedings in which the judgment or adjudication has been adverse to the United States, unless the court or adjudicative

183

> officer of the agency finds that the position of the United States
> was substantially justified or that special circumstances make
> the award unjust.

126 Cong. Rec. 28638 (1980). Clause 2 of House Rule XX provides that conferees may not agree to Senate amendments which provide for an appropriation in any bill other than a general appropriation bill "unless specific authority to agree to such amendment is first given by the House by a separate vote on every such amendment." Because the Act had never been considered by the full House as an independent piece of legislation, reaching the House floor for the first time as Title II of the conference bill to amend the Small Business Act, H.R. 5612, Representative Danielson's point of order under House Rule XX could have applied to all of the fee-shifting authorities contained in the Act, including that under § 2412(b). However, it appears that the only specific fee-shifting authorities contained in the Act about which Representative Danielson was concerned, and to which he directed his point of order, were those which authorized fee awards in civil cases in which "the court or adjudicative officer of the agency [does not find] that the position of the United States was substantially justified." This reference clearly contemplates the authorities codified at 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), but does not encompass that codified at 28 U.S.C. § 2412(b). In a word, even if the point of order could have been directed at all of the new fee-shifting authorities under the Act, it appears in fact to have been directed only at those contained in § 504 and § 2412(d).

As sustained by the Speaker *pro tempore,* the point of order was narrowly focused on certain provisions of Title II:

> The provisions in title II [in] question authorize appropriations to pay court costs and fees levied against the United States, but also provide that if payment is not made out of such authorized and appropriated funds, payment will be made *in the same manner as the payment of final judgments* under sections 2414 and 2517 of title 28, United States Code.

126 Cong. Rec. 28638 (1980) (emphasis added). The funding provisions to which the Speaker pro tempore was necessarily referring were § 504(d)(1) and § 2412(d)(4)(A), which provide for payment of awards "in the same manner as the payment of final judgments."

After the Speaker *pro tempore* had sustained Representative Danielson's point of order, Representative Smith offered an amended version of the bill to cure the defect. That amended version was identical to the conference version except that it contained a new section, § 207. Representative Smith explained that the proposed new section "modifies those provisions which had been ruled to be an appropriation on an authorization bill." The terminology chosen for § 207 is consistent with this narrow purpose to block payment of awards made under § 504 and § 2412(b) from the judgment fund.

The limited construction of § 207 that is suggested by its legislative history better effectuates the purpose of the several fee-shifting authorities enacted by the Act than does a broad construction of that section, and leads to a far more sensible result. One of the primary purposes of the fee-shifting authorities in § 504 and § 2412(d) was to ensure greater agency accountability. And, in early versions of the legislation, agency budgets had been made the sole source of payment for awards made under § 504 and § 2412(d).[6] This somewhat unconventional approach reflected the hope and expectation of some legislators that the experimental fee-shifting provisions in § 504 and § 2412(d) would provide a mechanism for holding agencies accountable for their activities. *See, e.g.,* 126 Cong. Rec. 28106 (1980) (remarks of Sen. Thurmond) ("affecting the 'pocketbook' of the agency is the most direct way to assure more responsible bureaucratic behavior"). When the bill finally reached the House floor, however, the conferees had agreed to make the judgment fund, as well as agency budgets, available to pay fees awarded under § 504 and § 2412(d). It is very likely that some Members of the House would have been concerned over the possibility that shifting the onus of paying these particular fee awards away from agency budgets to the judgment fund would cancel out whatever prophylactic effect the prospect of incurring adverse fee awards might otherwise have on "bureaucratic behavior." Section 207 can thus be best understood as intended to reinstate the requirement in previous versions of the legislation that awards under the experimental provisions of the bill should be paid from an agency's budget rather than the alternative source of the judgment fund.

There is no analogous reason why the House Members sponsoring § 207 should have wished to impair the conventional and uncontroversial funding mechanism for awards under § 2412(b). Indeed, applying § 207 to awards under § 2412(b) serves only to frustrate Congress' goals in enacting the latter provision. The purpose of § 2412(b) was to hold the United States "to the same standards in litigating as other parties," and to "plac[e] the Federal Government and civil litigants on a completely equal footing." *See* H.R. Rep. No. 1418, 96th Cong., 2d Sess. 9 (1980) (Report of the House Committee on the Judiciary); S. Rep. No. 253, 96th Cong. 2d Sess. 4 (1980). If § 207 applied to awards made under § 2412(b), such awards could not be paid *at all* under existing law, except in cases involving agency bad faith.[7] It would hardly be consistent with

<hr/>

[6] The funding provisions of the version of the bill passed by the Senate, identical to those reported out by the House Committee on Small Business, would have placed fiscal responsibility for paying awards made under § 504 and § 2412(d) exclusively on individual agencies. *See* Senate Report at 18; H.R. Rep. No. 1005, 96th Cong., 2d Sess. (Part 1) 11 (1980) (House Committee on Small Business). The funding provisions agreed to in conference, which gave prevailing parties access to the judgment fund, derived from the version of the bill reported out by the House Committee on the Judiciary. *See* H.R. Rep. No. 1005 (Part 1), 96th Cong., 2d Sess. 12 (1980).

[7] In the absence of a specific appropriation to pay an award made under § 2412(b), it would remain an obligation of the United States until satisfied by legislative action to authorize its payment. Such an obligation could remain unsatisfied forever if Congress never acted to authorize its payment, but history suggests that such obligations usually are paid, and uncertainty as to the source of funding for such awards in no way restricts the authority of judges to make them.

the purpose of creating new liability simultaneously to cut off the only means of enforcing it short of new appropriations legislation.

In sum, we conclude that awards made under authority of § 2412(b) are payable from the judgment fund and not from agency appropriations. Moreover, § 207 of the Act applies only to fee awards authorized by 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), and not to awards authorized by 28 U.S.C. § 2412(b). That section therefore does not prevent the payment of such awards from the judgment fund, and we know of no reason why they should not be certified by the Comptroller General in accordance with the procedure called for in 28 U.S.C. §§ 2414 and 2517.

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*